**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1087
_____

UNITED STATES OF AMERICA

v.

KRISHNA MOTE
a/k/a Chris
a/k/a Kris

KRISHNA MOTE, Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-11-cr-00194-001)
District Judge:  Honorable James M. Munley

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2013

BEFORE:  HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Opinion Filed:  January 31, 2014)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

A jury convicted Krishna Mote for his role in a conspiracy to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine (21 U.S.C. § 846), and for aiding and abetting the possession and distribution of cocaine base (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2). The District Court sentenced Mote to life imprisonment for the conspiracy and 360 months' imprisonment for aiding and abetting. He appeals the judgment of conviction and sentence, focusing his argument upon the indictment. We will affirm.

This opinion lacks precedential value and we write only for the benefit of the parties, who are familiar with the facts of this case. Mote did not preserve any challenges to his indictment and so we review for plain error. *United States v. Duka,* 671 F.3d 329, 354 (3d Cir. 2011).

Mote claims that the facts at trial indicate the existence of two conspiracies: a variance from the single conspiracy charged in the indictment. He alternatively argues that the indictment was duplicitous. His assertions lack merit because the government presented a case that was consistent with the indictment. Numerous witnesses testified to Mote's involvement in a continuous scheme to possess and distribute controlled substances in the area of Lehighton, Pennsylvania between early 2006 and January 2007. Moreover, a great deal of evidence at trial showed that Mote engaged in this enterprise with the same individuals during most of the period in question, and worked with a number of people who had an overlapping involvement over the entire time span referenced in the indictment. There was a continuous agreement among the participants to carry out the scheme. The evidence does not support Mote's claim of two separate

conspiracies. Therefore, his contention of a variance from or duplicity in the indictment is meritless.

However, even if there was error because of a variance, none of Mote's substantial rights were prejudiced by either the verdict or the District Court's sentence. Overwhelming evidence at trial supports the conclusion that Mote was personally responsible for the distribution of 280 grams or more of cocaine base. Mote was the only defendant and does not contest adequate notice of the charges. Additionally, the specificity of the indictment ensures that he is under no danger of a second prosecution for the same offense. Finally, with three prior felony drug convictions, the District Court properly sentenced him to a mandated life imprisonment.

For these reasons, we will affirm the District Court's judgment of conviction and sentence.