**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1615
_____

UNITED STATES OF AMERICA

v.

KRISHNA MOTE,
aka "Chris"
aka "Kris",
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3:11-cr-00194-001)
District Judge:  Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 23, 2020
Before:  GREENAWAY, JR., KRAUSE and BIBAS, Circuit Judges

(Opinion filed: December 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Krishna Mote appeals pro se appeals from an order of the United States District Court for the Middle District of Pennsylvania denying his motion to reduce his sentence under section 404 of the First Step Act of 2018. We will affirm.

In 2007, a federal grand jury indicted Mote on charges of conspiring to distribute more than 50 grams of crack cocaine and 500 grams of powder cocaine. The District Court ultimately dismissed that indictment without prejudice due to a speedy trial violation. In 2011, the Government obtained another indictment against Mote based on the same conspiracy, but this time it charged that the conspiracy involved 280 grams of crack cocaine, along with 500 grams of powder cocaine. In 2012, a jury found Mote guilty of (1) conspiring to distribute 280 grams or more of crack cocaine and 500 grams or more powder cocaine, see 21 U.S.C. § 846, and (2) aiding and abetting the distribution of crack cocaine, see 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. In May 2013, the District Court imposed a mandatory sentence of life imprisonment on the conspiracy conviction (based on Mote's prior felony drug convictions, see 21 U.S.C. § 841(b)(1)(A) (2010)), and sentenced Mote to 360 months in prison on the aiding and abetting conviction. We affirmed. See United States v. Mote, 553 F. App'x 117, 118 (3d Cir. 2014) (not precedential) (noting that, "with three prior felony convictions, the District Court properly sentenced [Mote] to a mandated life imprisonment."), cert. denied, 134 S. Ct. 2716. Mote filed a pro se motion under 28 U.S.C. § 2255. The District Court denied that motion on the merits, and we denied a certificate of appealability. See United States v. Mote, C.A. No. 15-1409 (order entered Nov. 3, 2015). On October 6, 2017, President

Obama granted clemency, and Mote's sentence was commuted to 240 months of imprisonment.

In November 2019, Mote filed a pro se "Motion for Hearing and Reduced Sentence Under the First Step Act."[1] (ECF 178.) The Government opposed that motion, arguing that Mote was not entitled to relief because he had already been sentenced in accordance with the First Step Act, which made retroactive certain provisions of the Fair Sentencing Act. (ECF 182.) The District Court denied the motion, holding that "Mote has already received the benefit of the Fair Sentencing Act's relevant modifications …." Mote appealed.[2]

In 2010, Congress enacted the Fair Sentencing Act, which reduced the sentencing disparity between crack cocaine and powder cocaine. Dorsey v. United States, 567 U.S. 260, 269 (2012); see also United States v. Jackson, 964 F.3d 197, 200 n.2 (3d Cir. 2020). Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger mandatory minimum sentences.[3] For example, it raised the threshold for the 10-

---

[1] Pursuant to a standing order pertaining to actions brought under Section 404 of the First Step Act, the District Court appointed the Federal Public Defender's Office to represent Mote. (ECF 179.) That Office later successfully moved to withdraw, noting that it "and Mr. Mote have a difference of opinion concerning the application of … the First Step Act to the facts of his case." (ECF 180).

[2] We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order. See United States v. Easter, -- F.3d --, 2020 WL 5525395, at *3 (3d Cir. Sept. 15, 2020).

[3] Section 3 of the Fair Sentencing Act, which is not relevant here, eliminated the mandatory minimum for simple possession in violation of 21 U.S.C. § 844(a). See United States v. Shaw, 957 F.3d 734, 736 (7th Cir. 2020).

year mandatory minimum sentence from 50 grams to 280 grams. Id. at 269. The First

Step Act, enacted in 2018, made Sections 2 and 3 of the Fair Sentencing Act retroactively

applicable. See Easter, 2020 WL 5525395, at *2; see also United States v. Boulding, 960

F.3d 774, 777 (6th Cir. 2020). In particular, Section 404(b) of the First Step Act

provided that the court "that imposed a sentence for a covered offense may, on motion of

the defendant … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing

Act of 2010 … were in effect at the time the covered offense was committed." § 404(b),

132 Stat. 5194, 5222. Notably, however, the First Step Act expressly prohibited

application of 404(b) where the "sentence was previously imposed or previously reduced

in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act

…." First Step Act, Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222. Here, the District

Court sentenced Mote in May 2013, several years after the Fair Sentencing Act was

enacted. Thus, Mote already received the benefit of the Fair Sentencing Act's reduced

penalties for crack-cocaine offenses.[4] See Dorsey v. United States, 567 U.S. 260, 281

---

[4] In his brief, Mote notes that the Government stated in its response to his § 2255 motion
that his "sentence in this case was not determined by the Fair Sentencing Act or by the
sentencing guidelines." Pet'r's Br., 4. Read in context, however, it appears that the
Government was not asserting that Mote was subject to a pre-Fair Sentencing Act
sentencing scheme. Rather, the Government seemingly was noting that Mote's
mandatory life sentence was imposed as a result of his prior felony convictions. (ECF
148, at 9.) In any event, it is clear from the record that Mote was sentenced in
accordance with the Fair Sentencing Act, which changed the law in his favor by
increasing the quantity of crack cocaine needed to trigger mandatory minimum penalties.
Before the Fair Sentencing Act, and at the time of Mote's conduct, Mote would have
been subject to a sentence of life imprisonment even if his conviction involved only 50

(2012) (concluding that "that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders"). Accordingly, the District Court properly concluded that Mote is not eligible for relief under section 404(b) of the First Step Act. See United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020) (stating that "[a] district court may not 'entertain a motion' from a defendant who already benefitted from the Fair Sentencing Act by having his sentence imposed or reduced 'in accordance with' sections two or three of the Fair Sentencing Act").

For the foregoing reasons, we will affirm the District Court's judgment.

---

grams of crack cocaine. See 21 U.S.C. § 841(b)(1)(A) (2006 version).